LANDRIEU, Judge,
dissents.
I respectfully dissent. The facts of this case and the policy provisions in question are clearly distinguishable from the facts and policy provisions in Laborde v. Employers Life Insurance Company, 412 So.2d 1301 (La.1982).
The policy provision in question here reads as follows:
“Total disability” means the continuous inability of the insured employee to engage in each and every occupation or employment for wage or profit for which he is reasonably qualified by education, training, or experience; however, during the applicable Elimination Period and the first 24 months thereafter the Insured Employee shall be deemed totally disabled while he is (1) unable to perform each and all the material duties pertaining to his occupation, and (2) not engaged in any employment for which he is reasonably qualified by education, training or experience.
In Laborde, the policy defined “total disability” as “complete inability of the insured due to sickness or injury to perform every duty pertaining to his occupation.” Even the liberal interpretation of “total disability” applied by the Supreme Court to the language of the Laborde policy would not render the plaintiff in this case “continuously disabled” under the clear language and terms of the policy in question.